UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NABIL MUHAMMAD RIDA SADOUN and HANA NABIL SADOUN, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:09-CV-1814-B |
| TRACY TARANGO, Field Office Director, Dallas Field Office, United States Citizenship and Immigration Services, United States Department of Homeland Security, et al. | § § § § § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss Complaint of Writ of Mandamus (doc. 10), filed on December 21, 2009. Through the Motion, Defendants Tracy Tarango, Field Office Director, Dallas Field Office, United States Citizenship and Immigration Services ("USCIS"), United States Department of Homeland Security, Janet Napolitano, Secretary, United States Department of Homeland Security, Alejandro Mayorkas, Director, USCIS, United States Department of Homeland Security, Jayson P. Ahern, Acting Commissioner, United States Customs and Border Protection, , United States Department of Homeland Security, Eric Holder, Attorney General, United States Department of Justice, and Robert S. Mueller, III, Director, Federal Bureau of Investigations move the Court to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction. For the reasons set forth below, the Court **GRANTS** the Defendants' Motion to Dismiss (doc. 10).

## I.

## BACKGROUND

*A.  Factual Background*

Plaintiffs Nabil Muhammad Rida Sadoun and Hana Nabil Sadoun are natives and citizens of Jordan who were admitted as permanent residents of the United States on August 12, 1993. (Compl. ¶¶ 2, 4.)  Plaintiffs filed a Form N-400 Application for Naturalization on or about August 12, 1998.  *Id.*  After they passed the English, U.S. history, and government tests, the Dallas Field Office of United States Citizenship and Immigration Services ("USCIS") commenced security checks.  *Id.* at 3, 4

On October 21, 2009, the United States Immigration and Custom Enforcement ("ICE") issued a Notice to Appear, which was served on Nabil Sadoun and filed with the immigration court to initiate removal proceedings.  (Mot. to Dismiss 2.)  On December 17, 2009, ICE issued a second Notice to Appear, which was served on Hana Sadoun and filed with the immigration court that same day.  *Id.* at 2-3.  USCIS denied both applications for naturalization due to the issuance of the Notice to Appear and the commencement of removal proceedings.  *Id.*

*B. Procedural Background*

On September 29, 2009, Plaintiffs filed a Complaint of Writ of Mandamus (doc. 1) to compel Defendants to complete all required background, name, and other security checks, adjudicate the Plaintiffs' applications for naturalization, and issue a decision.  Subsequently, Defendants filed the instant motion seeking dismissal under Federal Rule of Civil Procedure 12(b)(1) and 8 U.S.C. § 1429.  (Mot. to Dismiss 1.)  Defendants argue that the Court lacks jurisdiction because removal proceedings are pending against both Plaintiffs.  *Id.* at 2.  Alternatively, Defendants move to dismiss

the case because the issues are now moot. *Id.* Since the Court finds that the removal proceedings pending against the plaintiffs eliminate the Court's jurisdiction and the Plaintiffs declined to provide an answer to the Rule 12(b)(1) Motion to Dismiss, the Court will not address the issue of mootness. The Court now turns to the merits of its decision.

## II.

## LEGAL STANDARD

*A.  12(b)(1) Motion to Dismiss*

Federal courts have limited jurisdiction and are thus empowered to hear only those cases authorized by federal statute and the Constitution. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal district court may dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Walch v. Adjutant General's Dept. of Tex.*, 533 F.3d 289, 293 (5th Cir. 2008) (internal quotations omitted). A court may also refer to evidence outside the pleadings, such as testimony or affidavits. *Ginter ex. rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008); *McElmurray v. Consolidated Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). Accordingly, this Court may consider evidence of the Plaintiffs' removal proceeding (doc. 11) although the facts do not appear in the original complaint.

*B.  8 U.S.C. § 1429*

Under Section 1429, "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest

. . . ." 8 U.S.C. § 1429 (2006). A Notice to Appear for the purpose of commencing removal proceedings is regarded as a "warrant of arrest" under the Code of Federal Regulations. 8 C.F.R. § 318.1 (2010). Thus, when removal proceedings are pending, Section 1429 prevents district courts or the UCSIS from considering the naturalization application until the removal proceedings finish. *Saba-Bakare v. Chertoff*, 507 F.3d 337, 340 (5th Cir. 2007); *Olaoye v. Kehl*, No. 3:08-CV-1611-O, 2009 WL 2222880 at *1 (N.D. Tex. July 24, 2009). Congress intended this provision to end the race between the alien seeking citizenship and the Attorney General seeking to deport him, thereby prioritizing removal proceedings over naturalization applications. *Olaoye*, 2009 WL at *1 (citing *Shomberg v. United States*, 348 U.S. 540, 541 (1955)).

## III.

## ANALYSIS

In the present case, ICE already issued the Notice to Appear to the Plaintiffs and commenced removal proceedings. (Mot. to Dismiss 2-3.) There is no indication from the present record that the removal proceedings have concluded. Since Section 1429 requires that removal proceedings end before a district court or the Attorney General may review a naturalization application, this Court lacks jurisdiction to consider Plaintiffs' application or to compel the USCIS to consider their application. *See Olaoye*, 2009 WL at *1 (holding that the court does not have jurisdiction to consider petition for writ of mandamus to compel adjudication of naturalization application when removal proceedings commenced). As such, the Court finds that Defendant's Motion should be and hereby is **GRANTED**.

## IV.

## CONCLUSION

For the reasons set forth in this Order, the Court **GRANTS** the Defendants' Motion to Dismiss (doc. 10).  Accordingly, **IT IS ORDERED, ADJUDGED, and DECREED** that this case be, and hereby is, **DISMISSED** for lack of subject matter jurisdiction.

**ORDER**

SO ORDERED.

DATED June 29, 2010

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE